

**Login**

# Board Policy Manual

**Home**

< Previous Policy  **CKE Safety Program/Risk Management: Security Personnel**  Next Policy >

Local Policy    Legal Reference    Exhibit

 Copy Link    Download Legal Reference PDF    Download Legal Reference DOC

### Safety Program/Risk Management: Security Personnel

Education Code § 37.0814. ARMED SECURITY OFFICER REQUIRED.

(a)  The board of trustees of each school district shall determine the appropriate number of armed security officers for each district campus. The board must ensure that at least one armed security officer is present during regular school hours at each district campus.

(b) A security officer described by Subsection (a) must be:

(1) a school district peace officer;

(2) a school resource officer; or

(3)  a commissioned peace officer employed as security personnel under Section 37.081.

(4)  a reserve deputy sheriff appointed under Section 85.004, Local Government Code, who is a peace officer as described by Article 2A.001, Code of Criminal Procedure;

(5)  a reserve police officer appointed under Section 37.0816 who is a peace officer as described by Article 2A.001, Code of Criminal Procedure; or

EXHIBIT
11

TEE013718

(6) an honorably retired peace officer, as that term is defined by Section 614.121, Government Code, who has:

(A) kept their commission as a peace officer in active status; and

(B) fulfilled all applicable requirements under Sections 1701.351, 1701.3525, and 1701.357, Occupations Code.

(c) If the board of trustees of a school district is unable to comply with this section, the board may claim a good cause exception from the requirement to comply with this section if the district's noncompliance is due to the availability of:

(1) funding; or

(2) personnel who qualify to serve as a security officer described by Subsection (a).

(d) The board of trustees of a school district that claims a good cause exception under Subsection (c) must develop an alternative standard with which the district is able to comply, which may include providing a person to act as a security officer who is:

(1) a school marshal; or

(2) a school district employee or a person with whom the district contracts who:

(A) either:

(i) has completed school safety training provided by a qualified handgun instructor certified in school safety under Section 411.1901, Government Code; or

(ii) not later than the 90th day after the date on which the employee or person begins duties as a security officer, completes training deemed appropriate by the district, in consultation with the district's police department, or, if the district does not have a police department, a local law enforcement agency, in:

(a) active shooter response, which must be provided by an instructor certified by the Advanced Law Enforcement Rapid Response Training

TEE013719

Center at Texas State University--San Marcos;

(b) school safety and emergency management;

(c) crisis intervention;

(d) incident command;

(e) first aid administration;

(f) mental health; and

(g) qualifications relating to the carrying or use of a firearm; and

(B) carries a handgun on school premises in accordance with written regulations or written authorization of the district under Section 46.03(a)(1)(A), Penal Code.

(d-1) A good cause exception claimed by the board of trustees of a school district under Subsection (c) expires on the first anniversary of the date the exception is claimed. On the expiration of the exception, the board must reevaluate whether the board is able to comply with this section and, if not, renew:

(1) the claim for an exception under Subsection (c); and

(2) the alternative standard developed under Subsection (d).

(e) The board of trustees of a school district must develop and maintain documentation of the district's implementation of and compliance with this section, including documentation related to a good cause exception claimed under Subsection (c), and shall, if requested by the agency, provide that documentation to the agency in the manner prescribed by the agency.


Education Code § 37.081. SCHOOL DISTRICT PEACE OFFICERS, SCHOOL RESOURCE OFFICERS, AND SECURITY PERSONNEL.

(a) The board of trustees of any school district may:

(1) employ or contract with security personnel;

TEE013720

(2) enter into a memorandum of understanding with a local law enforcement agency or a county or municipality that is the employing political subdivision of commissioned peace officers for the provision of school resource officers;

(3) for the purposes of providing security personnel, contract with a security services contractor licensed under Chapter 1702, Occupations Code, for the provision of a commissioned security officer, as defined by Section 1702.002, Occupations Code, who has completed the Level II or III training course required by the Department of Public Safety; and

(4) commission peace officers to carry out this subchapter.

(a-1) The jurisdiction of a peace officer, a school resource officer, or security personnel under this section shall be determined by the board of trustees and may include all territory in the boundaries of the school district and all property outside the boundaries of the district that is owned, leased, or rented by or otherwise under the control of the school district and the board of trustees that employ or contract with, as applicable, the peace officer or security personnel or that enter into a memorandum of understanding for the provision of a school resource officer.

(a-2) A memorandum of understanding for the provision of school resource officers entered into under Subsection (a) must:

(1) be in the form of an interlocal contract under Chapter 791, Government Code; and

(2) use a proportionate cost allocation methodology to address any costs or fees incurred by the school district or the local law enforcement agency, county, or municipality, as applicable.

(a-3) The cost allocation methodology used under Subsection (a-2)(2) may allow a local law enforcement agency, county, or municipality, as applicable, to recoup direct costs incurred as a result of the contract but may not allow the agency, county, or municipality to profit under the contract.

TEE013721

(a-4)   A school district, local law enforcement agency, county, or municipality that enters into a memorandum of understanding under Subsection (a) may seek funding from federal, state, and private sources to support the cost of providing school resource officers under this section.

Text of subsection effective until January 01, 2025

(b) In a peace officer's jurisdiction, a peace officer commissioned under this section:
(1) has the powers, privileges, and immunities of peace officers;
(2) may enforce all laws, including municipal ordinances, county ordinances, and state laws;
(3)  may, in accordance with Chapter 52, Family Code, or Article 45.058, Code of Criminal Procedure, take a child into custody; and
(4)  may dispose of cases in accordance with Section 52.03 or 52.031, Family Code.

Text of subsection effective on January 01, 2025

(b) In a peace officer's jurisdiction, a peace officer commissioned under this section:
(1) has the powers, privileges, and immunities of peace officers;
(2) may enforce all laws, including municipal ordinances, county ordinances, and state laws;
(3)  may, in accordance with Chapter 52, Family Code, or Article 45A.453, Code of Criminal Procedure, take a child into custody; and
(4)  may dispose of cases in accordance with Section 52.03 or 52.031, Family Code.
(c)  A school district peace officer may provide assistance to another law enforcement agency.   A school district may contract with a political

TEE013722

subdivision for the jurisdiction of a school district peace officer to include all territory in the jurisdiction of the political subdivision.

(d)  The board of trustees of the school district shall determine the law enforcement duties of peace officers, school resource officers, and security personnel. The duties must be included in:

(1) the district improvement plan under Section 11.252;

(2) the student code of conduct adopted under Section 37.001;

(3)  any memorandum of understanding providing for a school resource officer; and

(4)  any other campus or district document describing the role of peace officers, school resource officers, or security personnel in the district.

(d-1)  A school district peace officer, a school resource officer, and security personnel shall perform law enforcement duties for the school district that must include protecting:

(1)  the safety and welfare of any person in the jurisdiction of the peace officer, resource officer, or security personnel; and

(2) the property of the school district.

(d-2) A school district may not assign or require as duties of a school district peace officer, a school resource officer, or security personnel:

(1) routine student discipline or school administrative tasks; or

(2)  contact with students unrelated to the law enforcement duties of the peace officer, resource officer, or security personnel.

(d-3) This section does not prohibit a school district peace officer, a school resource officer, or security personnel from informal contact with a student unrelated to:

(1) the assigned duties of the officer or security personnel; or

(2) an incident involving student behavior or law enforcement.

(d-4)  In determining the law enforcement duties under Subsection (d), the board of trustees of the school district shall coordinate with district campus behavior coordinators and other district employees to ensure that school

TEE013723

district peace officers, school resource officers, and security personnel are tasked only with duties related to law enforcement intervention and not tasked with behavioral or administrative duties better addressed by other district employees.

(e) The board of trustees of the district shall determine the scope of the on-duty and off-duty law enforcement activities of school district peace officers.   A school district must authorize in writing any off-duty law enforcement activities performed by a school district peace officer.

(f)  The chief of police of the school district police department shall be accountable to the superintendent and shall report to the superintendent. School district police officers shall be supervised by the chief of police of the school district or the chief of police's designee and shall be licensed by the Texas Commission on Law Enforcement.

(g)  A school district police department and the law enforcement agencies with which it has overlapping jurisdiction shall enter into a memorandum of understanding that outlines reasonable communication and coordination efforts between the department and the agencies.

(h)  A peace officer assigned to duty and commissioned under this section shall take and file the oath required of peace officers and shall execute and file a bond in the sum of $1,000, payable to the board of trustees, with two or more sureties, conditioned that the peace officer will fairly, impartially, and faithfully perform all the duties that may be required of the peace officer by law.  The bond may be sued on in the name of any person injured until the whole amount of the bond is recovered.  Any peace officer commissioned under this section must meet all minimum standards for peace officers established by the Texas Commission on Law Enforcement.


Added by Acts 1995, 74th Leg., ch. 260, Sec. 1, eff. May 30, 1995.
Amended by:

TEE013724

Acts 2013, 83rd Leg., R.S., Ch. 93 (S.B. 686), Sec. 2.11, eff. May 18, 2013.

Acts 2013, 83rd Leg., R.S., Ch. 1407 (S.B. 393), Sec. 9, eff. September 1, 2013.

Acts 2013, 83rd Leg., R.S., Ch. 1409 (S.B. 1114), Sec. 4, eff. September 1, 2013.

Acts 2019, 86th Leg., R.S., Ch. 402 (S.B. 1707), Sec. 2, eff. June 2, 2019.

Acts 2019, 86th Leg., R.S., Ch. 402 (S.B. 1707), Sec. 3, eff. June 2, 2019.

Acts 2023, 88th Leg., R.S., Ch. 765 (H.B. 4504), Sec. 2.039, eff. January 1, 2025.

Acts 2023, 88th Leg., R.S., Ch. 896 (H.B. 3), Sec. 8, eff. September 1, 2023.

Texas Education Code § 37.105. UNAUTHORIZED PERSONS: REFUSAL OF ENTRY, EJECTION, IDENTIFICATION.

(a) A school administrator, school resource officer, or school district peace officer of a school district may refuse to allow a person to enter on or may eject a person from property under the district's control if the person refuses to leave peaceably on request and:

(1) the person poses a substantial risk of harm to any person; or

(2) the person behaves in a manner that is inappropriate for a school setting and:

(A) the administrator, resource officer, or peace officer issues a verbal warning to the person that the person's behavior is inappropriate and may result in the person's refusal of entry or ejection; and

(B) the person persists in that behavior.

(a-1) A verbal warning and persisting in inappropriate behavior are not required under Subsections (a)(2)(A) and (B) for a person serving as a referee, judge, or other official of an extracurricular athletic activity or competition sponsored or sanctioned by the school district or the University Interscholastic League to eject a spectator from the extracurricular athletic activity or competition.

(b) Identification may be required of any person on the property.

TEE013725

(c) Each school district shall maintain a record of each verbal warning issued under Subsection (a)(2)(A), including the name of the person to whom the warning was issued and the date of issuance.

(d) At the time a person is refused entry to or ejected from a school district's property under this section, the district shall provide to the person written information explaining the appeal process established under Subsection (h).

(e) If a parent or guardian of a child enrolled in a school district is refused entry to the district's property under this section, the district shall accommodate the parent or guardian to ensure that the parent or guardian may participate in the child's admission, review, and dismissal committee or in the child's team established under Section 504, Rehabilitation Act of 1973 (29 U.S.C. Section 794), in accordance with federal law.

(f) The term of a person's refusal of entry to or ejection from a school district's property under this section may not exceed two years.

(g) A school district shall post on the district's Internet website and each district campus shall post on any Internet website of the campus a notice regarding the provisions of this section, including the appeal process established under Subsection (h).

(h) The commissioner shall adopt rules to implement this section, including rules establishing a process for a person to appeal to the board of trustees of the school district the decision under Subsection (a) to refuse the person's entry to or eject the person from the district's property.

Added by Acts 1995, 74th Leg., ch. 260, Sec. 1, eff. May 30, 1995.
Amended by:
Acts 2017, 85th Leg., R.S., Ch. 924 (S.B. 1553), Sec. 5, eff. June 15, 2017.
Acts 2025, 89th Leg., R.S., Ch. 201 (S.B. 2929), Sec. 1, eff. May 27, 2025.

TEE013726

19 Texas Administrative Code § 103.1207. UNAUTHORIZED PERSONS: REFUSAL OF ENTRY, EJECTION, IDENTIFICATION, AND APPEAL.

(a) A school administrator, school resource officer, or school district peace officer of a school district may refuse to allow a person to enter on or may eject a person from property under the district's control if the person refuses to leave peaceably on request and:

(1) the person poses a substantial risk of harm to any person; or

(2) the person behaves in a manner that is inappropriate for a school setting; and

(A) the administrator, resource officer, or peace officer issues a verbal warning to the person that the person's behavior is inappropriate and may result in the person's refusal of entry or ejection; and

(B) the person persists in that behavior.

(b) Identification may be required of any person on property under a district's control.

(c) Each school district shall maintain a record of each verbal warning issued under subsection (a)(2)(A) of this section, including the name of the person to whom the warning was issued and the date of issuance.

(d) At the time a person is refused entry to or ejected from a school district's property under this section, the district shall provide to the person written information explaining the appeal process set forth in subsection (h) of this section.

(e) If a parent or guardian of a child enrolled in a school district is refused entry to the district's property under this section, the district shall accommodate the parent or guardian to ensure that the parent or guardian may participate in the child's admission, review, and dismissal committee or in the child's team established under the Rehabilitation Act of 1973, Section 504, (29 United States Code, §794), in accordance with federal law.

TEE013727

(f) The term of a person's refusal of entry to or ejection from a school district's property under this section may not exceed two years.

(g) A school district shall post on the district's Internet website and each district campus shall post on any Internet website of the campus a notice regarding the provisions of this section, including the appeal process set forth in subsection (h) of this section.

(h) A school district's board of trustees shall adopt a policy that uses the school district's existing grievance process to permit a person refused entry to or ejected from property controlled by the school district under this section to appeal such refusal of entry or ejection. The policy must permit a person appealing under this section to address the school district's board of trustees in person within 90 days of the commencement of the appeal, unless the appeal is granted before the school district's board of trustees considers the appeal.

(i) A decision of the board of trustees to grant or deny an appeal under this section is final and may only be further appealed under the applicable provisions of Texas Education Code, §7.057.

Education Code § 37.0812. TRAINING POLICY: SCHOOL DISTRICT PEACE OFFICERS AND SCHOOL RESOURCE OFFICERS.

(a) A school district peace officer or school resource officer shall complete an active shooter response training program approved by the Texas Commission on Law Enforcement at least once in each four-year period.

(b) A school district that commissions a school district peace officer or at which a school resource officer provides law enforcement shall adopt a policy requiring the officer to complete the education and training program required by Section 1701.263, Occupations Code.

TEE013728

(c) A school district may not contract for the provision of active shooter response training under this section unless the training provider is certified under Section 1701.2515, Occupations Code, to provide the training.

Added by Acts 2015, 84th Leg., R.S., Ch. 1258 (H.B. 2684), Sec. 1, eff. June 20, 2015.
Amended by:
Acts 2019, 86th Leg., R.S., Ch. 464 (S.B. 11), Sec. 9, eff. June 6, 2019.
Acts 2019, 86th Leg., R.S., Ch. 1108 (H.B. 2195), Sec. 2, eff. June 14, 2019.
Acts 2023, 88th Leg., R.S., Ch. 896 (H.B. 3), Sec. 9, eff. September 1, 2023.
Acts 2023, 88th Leg., R.S., Ch. 1152 (S.B. 999), Sec. 1, eff. September 1, 2023.

37 Texas Administrative Code § 218.3. LEGISLATIVELY REQUIRED CONTINUING EDUCATION FOR LICENSEES.

(a) Each licensee shall complete the legislatively mandated continuing education in this chapter. Each appointing agency shall allow the licensee the opportunity to complete the legislatively mandated continuing education in this chapter. This section does not limit the number or hours of continuing education an agency may provide.
(b) Each training unit (2 years)
 (1) Peace officers shall complete at least 40 hours of continuing education, to include the corresponding legislative update for that unit. Peace officers shall complete not less than 16 hours of training on responding to an active shooter as developed by the Advanced Law Enforcement Rapid Response Training Center at Texas State University–San Marcos. All peace officers shall complete ALERRT Level 1 training not later than August 31, 2027. Training for

TEE013729

all chief administrators, who are licensed as peace officers, shall include ALERRT command and leadership training each training unit.

(2) Telecommunicators shall complete at least 20 hours of continuing education to include cardiopulmonary resuscitation training.

(c) Each training cycle (4 years)

(1) Peace officers who have not yet reached intermediate proficiency certification shall complete: Cultural Diversity (3939), Special Investigative Topics (3232), Crisis Intervention (3843) and De-escalation (1849).

(2) Individuals licensed as reserve law enforcement officers, jailers, or public security officers shall complete Cultural Diversity (3939), unless the person has completed or is otherwise exempted from legislatively required training under another commission license or certificate.

(d) Assignment specific training

(1) Police chiefs: individuals appointed as "chief" or "police chief" of a police department shall complete:

(A) For an individual appointed to that individual's first position as chief, the initial training program for new chiefs provided by the Bill Blackwood Law Enforcement Management Institute, not later than the second anniversary of that individual's appointment or election as chief; and

(B) At least 40 hours of continuing education for chiefs each 24-month unit, as provided by the Bill Blackwood Law Enforcement Management Institute.

(2) Constables: elected or appointed constables shall complete:

(A) For an individual appointed or elected to that individual's first position as constable, the initial training program for new constables provided by the Bill Blackwood Law Enforcement Management Institute, not later than the second anniversary of that individual's appointment or election as constable; and

(B) Each 48 month cycle, at least 40 hours of continuing education for constables, as provided by the Bill Blackwood Law Enforcement

TEE013730

Management Institute and a 20 hour course of training in civil process to be provided by a public institution of higher education selected by the Commission.

(3) Deputy constables: each deputy constable shall complete a 20 hour course of training in civil process each training cycle. The commission may waive the requirement for this training if the constable, in the format required by TCOLE, requests exemption due to the deputy constable not engaging in civil process as part of their assigned duties.

(4) New supervisors: each peace officer assigned to their first position as a supervisor must complete new supervisor training within one year prior to or one year after appointment as a supervisor.

(5) School-based Law Enforcement Officers: School district peace officers and school resource officers providing law enforcement services at a school district must obtain a school-based law enforcement proficiency certificate within 180 days of the officer's commission or placement in the district or campus of the district.

(6) Eyewitness Identification Officers: peace officers performing the function of eyewitness identification must first complete the Eyewitness Identification training (3286).

(7) Courtroom Security Officers/Persons: any person appointed to perform courtroom security functions at any level shall complete the Courtroom Security course (10999) within 1 year of appointment.

(8) Body-Worn Cameras: peace officers and other persons meeting the requirements of Occupations Code 1701.656 must first complete Body-Worn Camera training (8158).

(9) Officers Carrying Epinephrine Auto-injectors: peace officers meeting the requirements of Occupations Code 1701.702 must first complete epinephrine auto-injector training.

(10) Jailer Firearm Certification: jailers carrying a firearm as part of their assigned duties must first obtain the Jailer Firearms certificate before

TEE013731

carrying a firearm.

(11) University Peace Officers, Trauma-Informed Investigation Training: each university or college peace officer shall complete an approved course on trauma-informed investigation into allegations of sexual harassment, sexual assault, dating violence, and stalking.

(e) Miscellaneous training

(1) Human Trafficking: every peace officer first licensed on or after January 1, 2011, must complete Human Trafficking (3270) within 2 years of being licensed.

(2) Canine Encounters: every peace officer first licensed on or after January 1, 2016, must take Canine Encounters (4065) within 2 years of being licensed.

(3) Deaf and Hard of Hearing Drivers: every peace officer licensed on or after March 1, 2016, must complete Deaf and Hard of Hearing Drivers (7887) within 2 years of being licensed.

(4) Civilian Interaction Training: every peace officer licensed before January 1, 2018, must complete Civilian Interaction Training Program (CITP) within 2 years. All other peace officers must complete the course within 2 years of being licensed.

(5) Crisis Intervention Training: every peace officer licensed on or after April 1, 2018, must complete the 40 hour Crisis Intervention Training within 2 years of being licensed.

(6) Mental Health for Jailers: all county jailers must complete Mental Health for Jailers not later than August 31, 2021.

(f) The Commission may choose to accept an equivalent course for any of the courses listed in this chapter, provided the equivalent course is evaluated by commission staff and found to meet or exceed the minimum curriculum requirements of the legislatively mandated course.

(g) The commission shall provide adequate notice to agencies and licensees of impending non-compliance with the legislatively required continuing education.

TEE013732

(h) The chief administrator of an agency that has licensees who are in non-compliance shall, within 30 days of receipt of notice of non-compliance, submit a report to the commission explaining the reasons for such non-compliance.

(i) Licensees shall complete the legislatively mandated continuing education in the first complete training unit, as required, or first complete training cycle, as required, after being licensed.

(j) All peace officers must meet all continuing education requirements except where exempt by law.

(k) The effective date of this section is September 1, 2024.

Occupations Code § 1701.263. EDUCATION AND TRAINING PROGRAM FOR SCHOOL DISTRICT PEACE OFFICERS AND SCHOOL RESOURCE OFFICERS.

(a) In this section:

(1) "School district peace officer" has the meaning assigned by Section 1701.262.

(2) "School resource officer" has the meaning assigned by Section 1701.601.

(b) The commission by rule shall require a school district peace officer or a school resource officer who is commissioned by or who provides law enforcement at a school district to successfully complete an education and training program described by this section before or within 180 days of the officer's commission by or placement in the district or a campus of the district. The program must:

(1) consist of at least 16 hours of training;

(2) be approved by the commission; and

(3) provide training in accordance with the curriculum developed under Section 1701.262 in each subject area listed in Subsection (c) of that section.

TEE013733

(b-1) Notwithstanding Subsection (b) or a rule adopted under that section, a school district peace officer or school resource officer is not required to successfully complete the education and training program required by this section if the officer has successfully completed the advanced training course conducted by the National Association of School Resource Officers or a training course equivalent to that advanced training course, as determined by the commission.

(c) The education and training program required under this section may not require a peace officer to pass an examination, except that the commission shall administer an examination to qualify officers to provide the education and training to other officers. The examination to qualify officers to provide the education and training must test the officer's knowledge and recognition of the subject areas listed in Section 1701.262(c).

(d) The commission shall issue a professional achievement or proficiency certificate to a peace officer who completes the education and training program under this section.

Added by Acts 2015, 84th Leg., R.S., Ch. 1258 (H.B. 2684), Sec. 2, eff. June 20, 2015.
Amended by:
Acts 2019, 86th Leg., R.S., Ch. 464 (S.B. 11), Sec. 24, eff. June 6, 2019.

Occupations Code § 1702.333. CERTAIN VOLUNTEERS.

(a) In this section, "volunteer security services" means services or activities that are:
(1) regulated under this chapter; and
(2) provided without compensation or remuneration.

TEE013734

(b)  This chapter does not apply to a person who is providing volunteer security services on:

(1)  the premises of a church, synagogue, or other established place of religious worship; or

(2) premises where an event sponsored or sanctioned by a public primary or secondary school is taking place.

(c) Except as provided by Subsection (d), while providing volunteer security services under Subsection (b), a person may not wear a uniform or badge that:

(1) contains the word "security"; or

(2)  gives the person the appearance of being a peace officer, personal protection officer, or security officer.

(d)  A peace officer providing volunteer security services under Subsection (b) may:

(1)  with the consent of the head of the employing or appointing law enforcement agency, wear the uniform of the agency; or

(2) wear another uniform or badge that gives the person the appearance of being a peace officer.

(e)  The reimbursement for or payment of an insurance policy insuring a peace officer who provides volunteer security services under Subsection (b) for civil liability arising from acts occurring while providing those services is not considered compensation or reimbursement.


Added by Acts 2017, 85th Leg., R.S., Ch. 967 (S.B. 2065), Sec. 11.001, eff. September 1, 2017.
Amended by:
Acts 2023, 88th Leg., R.S., Ch. 812 (H.B. 1133), Sec. 1, eff. September 1, 2023.

TEE013735

Education Code § 37.087. IMMUNITY FROM LIABILITY.

(a) In this section:

(1) "Retired peace officer" has the meaning assigned by Section 1701.3161, Occupations Code.

(2) "Security personnel" includes:

(A) a school district peace officer;

(B) a school marshal;

(C) a school resource officer; and

(D) a retired peace officer who:

(i) has been hired by a school district, open-enrollment charter school, or private school to provide security services; or

(ii) volunteers to provide security services to the school district, open-enrollment charter school, or private school.

(b) A school district, open-enrollment charter school, or private school is immune from liability for any damages resulting from any reasonable action taken by security personnel to maintain the safety of the school campus, including action relating to possession or use of a firearm.

(c) A school district, open-enrollment charter school, or private school is immune from liability as provided by Subsection (b) for any damages resulting from any reasonable action taken by a school district, open-enrollment charter school, or private school employee who has written permission from the board of trustees of the school district or the governing body of the open-enrollment charter school or the private school to carry a firearm on campus.

(d) Any security personnel employed by a school district, open-enrollment charter school, or private school is immune from liability for any damages resulting from any reasonable action taken by the security personnel to maintain the safety of the school campus, including action relating to possession or use of a firearm.

TEE013736

(e) The statutory immunity provided by this section is in addition to and does not preempt the common law doctrine of official and governmental immunity. To the extent that another statute provides greater immunity to a school district, open-enrollment charter school, or private school than this section, that statute prevails.

Added by Acts 2021, 87th Leg., R.S., Ch. 671 (H.B. 1788), Sec. 1, eff. September 1, 2021.

28 Texas Administrative Code § 110.108. EMPLOYER NOTICE REGARDING WORK-RELATED EXPOSURE TO COMMUNICABLE DISEASE/HIV: POST REQUIREMENTS; PAYMENT FOR TESTS.

(a) Each employer covered by workers' compensation insurance, including state and political subdivision employers, which employ emergency medical service employees, paramedics, fire fighters, law enforcement officers or correctional officers must post the notice contained in subsection (d) of this section, in its workplace to inform employees about Health and Safety Code requirements which may affect qualifying for workers' compensation benefits following a work-related exposure to a reportable communicable disease. The notice shall be posted in the personnel office, if the employer has a personnel office, and in the workplace where employees are likely to read the notice on a regular basis. Specific guidance for employers and employees covered by this subsection is found in §122.3 of this title (relating to Exposure to Communicable Diseases: Reporting and Testing Requirements for Emergency Responders).

TEE013737

(b) Each state agency must post the notice contained in subsection (d) of this section, in its workplace to inform employees about requirements which may affect qualifying for workers' compensation benefits following a work-related exposure to human immunodeficiency virus (HIV). The notice shall be posted in the personnel office and in the workplace where employees are likely to read the notice on a regular basis. Specific guidance for state employers and employees covered by this subsection is found in §122.4 of this title (relating to State Employees: Exposed to Human Immunodeficiency Virus (HIV): Reporting and Testing Requirements).

(c) The cost of testing for exposure to a reportable communicable disease for emergency medical service employees, paramedics, fire fighters, law enforcement officers and correctional officers shall be paid by the employer's workers' compensation insurance carrier, including state and political subdivision employers.

(d) The following notice shall be printed with a title in at least 15 point bold type and the text in at least 14 point normal type, in English and Spanish or in English and any other language common to the employer's affected employee population. The text of the notice shall be as follows without any additional words or changes:

DIVISION OF WORKERS' COMPENSATION
NOTICE REGARDING CERTAIN WORK-RELATED COMMUNICABLE DISEASES AND ELIGIBILITY FOR WORKERS' COMPENSATION BENEFITS
TO: Law Enforcement Officers, Fire Fighters, Emergency Medical Service Employees, Paramedics, and Correctional Officers –
In order to qualify for workers' compensation benefits, an employee who claims a possible work-related exposure to a reportable disease, including HIV infection, must be tested for the disease not later than the 10th day after the exposure and must provide their employer with documentation of the test and a sworn affidavit of the date and circumstances of the exposure.

TEE013738

The test result must indicate the absence of the disease. The employee is not required to pay for the test.

Reportable diseases are those communicable diseases and health conditions required to be reported to the Texas Department of State Health Services. Exposure criteria and testing protocol must conform to Texas Department of State Health Services requirements.

TO: ALL STATE EMPLOYEES

In order to qualify for workers' compensation benefits, a state employee who claims a possible work-related exposure to human immunodeficiency virus (HIV) infection, must be tested for HIV within 10 days after the exposure and must provide their employer with documentation of the test and a written statement of the date and circumstances of the exposure. The test result must indicate the absence of HIV infection. The employee is not required to pay for the test.

For additional information: Talk to your employer or call the Division of Workers' Compensation at 1-800-252-7031. Also, contact the Texas Department of State Health Services (DSHS) to ensure full compliance with the Health and Safety Code and DSHS rules.

Education Code § 37.089. ROLE OF PERSONS CARRYING A FIREARM ON SCHOOL GROUNDS.

(a) Subject to Subsection (b), a person permitted to carry a firearm on the campus of a school district may not perform the routine law enforcement duties of a peace officer, including making arrests, unless the duty is performed in response to an emergency that poses a threat of death or serious bodily injury to a student, school district employee, or other individual at the district campus.

TEE013739

(b) Subsection (a) does not apply to a commissioned peace officer who is assigned law enforcement duties that are included in campus and district documents describing the role of peace officers in the district as required by Section 37.081(d).

Added by Acts 2023, 88th Leg., R.S., Ch. 896 (H.B. 3), Sec. 11, eff. September 1, 2023.

Education Code § 37.0816. RESERVE POLICE OFFICERS.

(a) The board of trustees of a school district may authorize the chief of police of the school district police department to appoint reserve police officers for the district. The board may limit the number of reserve police officers that the chief may appoint.

(b) A reserve police officer serves at the discretion of the chief of police of the school district police department and may be called into service at any time that the chief considers it necessary to have additional officers to preserve the peace and enforce the law.

(c) The chief of police of a school district police department may authorize a reserve police officer who holds a permanent peace officer license issued under Chapter 1701, Occupations Code, to carry a weapon or act as a peace officer at all times, regardless of whether the reserve police officer is engaged in the actual discharge of official duties, or may limit the authority of the reserve police officer to carry a weapon or act as a peace officer to only those times during which the reserve police officer is engaged in the actual discharge of official duties.

(d) A reserve police officer who does not hold a permanent peace officer license issued under Chapter 1701, Occupations Code, may act as a peace officer only:

(1) if the officer has fulfilled all applicable requirements under Sections

TEE013740

1701.351 and 1701.3525, Occupations Code; and

(2) during the actual discharge of official duties.

(e) A reserve police officer on active duty at the call of the chief of police of the school district police department and actively engaged in assigned duties has the same rights, privileges, and duties as any other peace officer of the state.

(f) A reserve police officer, regardless of whether the reserve police officer holds a permanent peace officer license issued under Chapter 1701, Occupations Code, is not:

(1) eligible for participation in any program provided by the agency or the board of trustees of the school district that is normally considered a financial benefit of full-time employment or for any pension fund created by statute for the benefit of full-time paid peace officers; or

(2) exempt from Chapter 1702, Occupations Code.

CONROE-ISD
CKE(LEGAL REFERENCE)-P
UPDATE : 1
DATE ISSUED : 2026-02-05



Policy Connect®

Policy Connect© 2023-2024 by TEE, Inc. All rights reserved.

TEE013741

TEE013742